Filed 3/8/23  P. v. Hardin CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B319223 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA271293) |
| v. | |
| LEWIS EDWARD HARDIN, | |
| Defendant and Appellant. | |

THE COURT:

Defendant and appellant Lewis Edward Hardin (defendant) appeals from the denial of his petition for vacatur of his murder conviction and for resentencing under Penal Code former section 1170.95, now section 1172.6.[1]  After examination of the record,

---

[1]  Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)  We will refer to the section by its new numbering only.

All further unattributed code sections are to the Penal Code unless otherwise stated.

appointed counsel filed an opening brief raising no issues and asking this court to independently review the record. Counsel provided defendant with a copy of the record on appeal and informed him of his right to file his own supplemental brief. As defendant has done so, we evaluate the specific arguments raised in his brief, but do not conduct an independent review of the record to identify unraised issues. (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 232.) In his supplemental brief, defendant contends that the trial court erred in finding he had failed to make the required prima facie showing of eligibility for relief under section 1172.6, and in denying his petition. Finding no merit to defendant's arguments, we affirm the trial court's order.

## BACKGROUND

In 2007, a jury convicted defendant and codefendant Theodore Shove of the first degree murders of Hubert Souther and Elizabeth Souther (Pen. Code, § 187) and found true the special circumstance allegation as to each victim that defendant committed the murder for financial gain within the meaning of section 190.2, subdivision (a)(1). On June 2, 2008, the trial court sentenced defendant to life in prison without the possibility of parole. The judgment was affirmed on appeal. (See *People v. Hardin* (Oct. 19, 2009, B208895) [nonpub. opn.].)

After defendant's conviction, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), amending sections 188 and 189, the laws pertaining to felony murder and murder under the natural and probable consequences doctrine, "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1,

2

subd. (f).)  The Legislature also added section 1172.6, which provides a procedure for those convicted of murder to seek retroactive relief if they could not be convicted under sections 188 and 189 as amended effective January 1, 2019. (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).)  In seeking relief, it is the petitioner's burden to make a prima facie showing that he "'*could not* [presently] be convicted of first or second degree murder *because of* changes to Section 188 or 189'" made by Senate Bill 1437.  (*People v. Farfan* (2021) 71 Cal.App.5th 942, 954; see § 1172.6, subds. (a)(3) & (c).)

In September 2021, defendant filed his petition for vacatur of his murder convictions and resentencing as permitted under section 1172.6, subdivision (a) for those "convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime." Defendant's petition set forth the three conditions specified in subdivision (a)(1) through (3) of section 1172.6, by alleging that the charging document filed against him allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, that he was convicted at trial of murder under one of those theories, and that he could not presently be convicted of murder or attempted murder because of changes to section 188 or 189 made effective January 1, 2019. In addition, the petition alleged that defendant was not the actual killer, did not aid and abet the actual killer with intent to kill, and was not a major participant in the underlying felony or act with reckless indifference to human life during the commission of the felony, and that the victim was not a peace officer.  Defendant requested appointment of counsel.

The prosecution's response included copies of the jury instructions given at defendant's jury trial, the jury's verdicts regarding the murder counts, and the opinion affirming defendant's conviction in *People v. Hardin, supra*, B208895. The trial court appointed counsel for defendant, who submitted a brief. A hearing was held on March 2, 2022, to determine whether defendant had demonstrated a prima facie showing of eligibility for relief as required by section 1172.6, subdivision (c). At the hearing, the parties submitted the issue without argument or further evidence, and the court later issued its order denying the petition upon finding that no prima facie showing had been made.

Defendant filed a timely notice of appeal from the order.

## DISCUSSION

In his supplemental brief, defendant contends that that he made a prima facie showing of eligibility for relief under section 1172.6, and thus the trial court erred in denying his petition without issuing an order to show cause and holding an evidentiary hearing pursuant to 1172.6, subdivisions (c) and (d)(1). If during the prima facie review the record of conviction contains facts refuting the allegations made in the petition as a matter of law, no prima facie showing is made, and the petition is properly denied. (*Lewis, supra*, 11 Cal.5th at p. 971.) We have reviewed the jury instructions given at defendant's trial and find no instructions regarding felony murder, the natural and probable consequences doctrine, or other theory under which malice could be imputed to defendant based solely on his participation in a crime. Thus, defendant is ineligible for relief as a matter of law. (See *People v. Daniel* (2020) 57 Cal.App.5th 666, 677.)

4

Defendant argues that although there were no such jury instructions, the applicability of those theories could be inferred from ambiguous instructions and the prosecutor's argument to the jury regarding aiding and abetting and uncharged conspiracy. Defendant refers to CALJIC Nos. 3.01, defining aiding and abetting, and 8.31, defining second degree murder. Defendant also quotes the following portion of the prosecutor's argument: "But even if you think he was not the actual killer he is guilty under two different theories, whichever one you feel comfortable with, either as aider and abetter [*sic*] or under conspiracy laws." Defendant argues that because second degree murder as defined in CALJIC No. 8.31 requires a mental state of conscious disregard for human life, but that requirement is not included in the definition of aider and abettor in CALJIC No. 3.01, the instructions permitted the jury to find him guilty of first degree murder by imputing to him the implied malice of the actual killer.

Read together, CALJIC Nos. 3.01 and 8.31 could create confusion when, as here, it does not state that the aider and abettor of implied malice murder must have known that the act in which he aided was life-threatening and performed with a conscious indifference to human life. (See *People v. Langi* (2022) 73 Cal.App.5th 972, 982.) However, defendant was instead convicted of first degree murder. If the jurors had misinterpreted the instructions, they would have found defendant guilty of *second* degree, implied malice murder, rather than first degree murder, as defendant contends. Furthermore, when considered with the instruction regarding uncharged conspiracy, the prosecutor's argument that aiding and abetting and conspiracy would lead to the same conclusion served only to clarify any ambiguity, rather than worsening it. The conspiracy instruction,

5

CALJIC No. 6.10.5, told the jury in relevant part that "[a] conspiracy is an agreement between two or more persons with the specific intent to agree to commit the crime of murder . . . ."[2] The argument and instruction, considered together, thus made clear that the aider and abettor/conspirator must have personally intended to kill.

Regardless, the overriding consideration in this case is that the jury found true beyond a reasonable doubt the special circumstance that the murders were committed for financial gain, alleged pursuant to section 190.2, subdivision (a)(1). The actual killer and the person who aids or abets the deliberate killing of another for the killer's own financial gain is subject to the special circumstance punishment of section 190.2, subdivision (a). (*People v. Fayed* (2020) 9 Cal.5th 147, 201-202.) Defendant's jury was instructed:

> "If you find that a defendant was not the actual killer of a human being, or if you are unable to decide whether the defendant was the actual killer or an aider and abettor or co-conspirator, you cannot find the special circumstance to be true as to that defendant unless you are satisfied beyond a reasonable doubt that such defendant with the *intent to kill* aided, abetted, counseled, commanded, induced, solicited, requested, or assisted any actor in the commission of the murder in the first degree." (Italics added.)

The instruction as given did not mention felony murder, nor did it include language relating to the finding of reckless

---

[2]  "'[A]ll conspiracy to commit murder is necessarily conspiracy to commit premeditated and deliberated first degree murder.'"  (*People v. Beck and Cruz* (2019) 8 Cal.5th 548, 641.)

indifference to human life relevant to felony murder.  Thus, in finding the special circumstance true, the jury necessarily found either that defendant was the actual killer or he was an aider and abettor or coconspirator who personally harbored an intent to kill.

A petitioner under section 1172.6 is entitled to relief only if he could not presently be convicted of murder because of changes to section 188 or 189.  (See § 1172.6, subd. (a)(3); *Lewis, supra*, 11 Cal.5th at p. 960.)  Currently, the actual killer and the aider or abettor who personally harbored an intent to kill may still be liable for murder.  (§ 189, subd. (e)(1) & (3).)  As the record of conviction refutes the allegations of defendant's petition by showing that, whether he was the actual killer or an aider or abettor, he acted with the intent to kill.  The trial court thus did not err in finding him ineligible as a matter of law and denying the petition without further proceedings.  (See *Lewis, supra*, at p. 971.)

## DISPOSITION

The order of the superior court denying defendant's petition for vacatur and resentencing is affirmed.

_____

ASHMANN-GERST, Acting P. J.  CHAVEZ, J.  HOFFSTADT, J.

7